THE HONORABLE JAMES L. ROBART

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN SEATTLE**

| | |
|---|---|
| MIDMOUNTAIN CONTRACTORS, INC., a Washington corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>AMERICAN SAFETY INDEMNITY COMPANY, a foreign insurance company, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, a foreign insurance company, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a foreign insurance company, and VIRGINIA SURETY COMPANY, INC., a foreign insurance company,<br><br>          Defendants. | No. 2:10-cv-01239 JLR<br><br>OPPOSITION TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR PROTECTIVE ORDER<br><br>**NOTE ON MOTION CALENDAR: FRIDAY, AUGUST 17, 2012** |

## I.     INTRODUCTION & RELIEF REQUESTED

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") requests a protective order with respect to an upcoming deposition noted by Plaintiff MidMountain Contractors, Inc. pursuant to Rule 30(b)(6). According to NUFIC, the deposition topics identified in its motion ("the Challenged Topics") are irrelevant because

OPPOSITION TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR PROTECTIVE ORDER- 1

CASE #2:10-cv-01239 JLR

Harper | Hayes pllc
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

they "relate to alleged activities occurring after MidMountain filed its First Amended Complaint on September 7, 2011."[1] However, the information is highly relevant; and even if it were not, "irrelevancy" alone is not a ground to issue a protective order under the broad and liberal treatment of discovery allowed by the Federal Rules.

Moreover, NUFIC has failed to demonstrate that providing testimony on the Challenged Topics would cause "oppression" or "undue burden."[2] Accordingly, MidMountain respectfully requests that the Court deny NUFIC's motion in its entirety.

## II.     STATEMENT OF RELEVANT FACTS

This lawsuit arises out of an Underlying Lawsuit between MidMountain and King County in which the County sued MidMountain for property damage at a new wastewater conveyance pump station in Kirkland, Washington ("the Project").[3] NUFIC provided one of MidMountain's subcontractors on the Project with commercial general liability insurance, under which MidMountain is an Additional Insured.[4] MidMountain tendered the County's suit to NUFIC on April 12, 2011.[5] Although NUFIC acknowledged its duty to defend on June 17, 2011, it neither retained defense counsel nor paid MidMountain's defense fees.[6] On June 23, 2011, MidMountain filed a motion to amend its complaint and attached a copy of its proposed Amended Complaint, adding—among other things—claims against NUFIC for

---

[1] *See Docket No. 123* at 6.
[2] *See* Fed. R. Civ. P. 26(c)(1).
[3] *See generally, Docket No. 94-1*, 53-60 of 62 (King County's counterclaim against MidMountain).
[4] *See Docket No. 58* at 5.
[5] *Docket No. 111* at 2, ¶ 3; *Docket No. 111-1* at 38 of 107.
[6] *Docket No. 63* at 3, ¶ 6.

OPPOSITION TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR PROTECTIVE ORDER- 2

CASE #2:10-cv-01239 JLR

Harper | Hayes pllc
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

breach of its duty to defend and bad faith.[7]

Since that time, NUFIC has provided some payments toward some of MidMountain's defense fees, but many invoices remain outstanding.[8] On July 16, 2012, MidMountain served NUFIC with a 30(b)(6) deposition notice outlining topics on which MidMountain sought testimony.[9] These include topics relating to NUFIC's underpayment and late payment of MidMountain's defense fees.[10] NUFIC objected to topics 6, 8, 19, 23, 24, 27, 28, 31, 32, and 34.[11] Although NUFIC divides the topics into two categories—topics that relate solely to activities occurring after MidMountain sued NUFIC and those that relate to activities occurring both before and after MidMountain sued—NUFIC's argument as to both categories is the same: that NUFIC should not be required to testify about anything that happened after MidMountain sued NUFIC.[12]

### III. STATEMENT OF ISSUE

Whether NUFIC's motion for a protective order should be denied when NUFIC failed in its burden to show "good cause" for the issuance of a protective order and the information sought in MidMountain's 30(b)(6) topics is relevant to the claims and defenses alleged in this lawsuit.

---

[7] *See Docket No. 20.*
[8] *Docket No. 99*, ¶ 3.
[9] *Docket No. 127 at 5-11.*
[10] *Docket No. 127 at 6-9.*
[11] *See generally, Docket No. 123.*
[12] *Docket No. 123 at 6, 8.*

OPPOSITION TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR PROTECTIVE ORDER- 3

**CASE #2:10-cv-01239 JLR**

Harper | Hayes PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## IV. EVIDENCE RELIED UPON

This motion is based upon the pleadings and other papers previously filed in this lawsuit.

## V. AUTHORITY

The scope of discovery allowed in federal court is very broad.[13] Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."[14] Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[15] Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence," provided the "fact is of consequence in determining the action."[16]

A party seeking a protective order bears a "heavy burden" to show why discovery should be denied.[17] "To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance. Specifically, the moving party must make a *clear showing of a particular and specific need* for the order."[18]

---

[13] Dysthe v. Basic Research, L.L.C., 273 F.R.D. 625, 628 (C.D. Cal. 2011) ("Ninth Circuit law generally favors a broad scope of discovery."); Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993) ("[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment.'").

[14] Fed. R. Civ. P. 26(b)(1).

[15] Fed. R. Civ. P. 26(b)(1).

[16] Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.")

[17] Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

[18] Scott v. Cunningham, C11-5509 BHS/KLS, 2012 WL 1569789, *1 (W.D. Wash. May 3, 2012) (emphasis added).

OPPOSITION TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR PROTECTIVE ORDER- 4

CASE #2:10-cv-01239 JLR

Harper | Hayes PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

The court has broad discretion to issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[19]

Notably, the argument that a topic of discovery is *irrelevant* does not support the issuance of a protective order:

> A party may obtain a protective order only if it demonstrates that the basis for the protective order falls within one of the categories enumerated in Rule 26(c). In other words, the protective order must be necessary to protect the party from "annoyance, embarrassment, oppression or undue burden or expense."[20]

Thus, Rule 26(c) does not provide a basis on which to issue a protective order to prevent discovery solely because the information is "irrelevant" or "not calculated to lead to the discovery of admissible evidence."[21]

### A. NUFIC FAILED IN ITS BURDEN TO SHOW THE CHALLENGED TOPICS CREATE UNDUE BURDEN OR OPPRESSION

Perhaps aware that "irrelevancy" is an insufficient ground to support a protective order, NUFIC argues that testifying on the Challenged Topics is "oppressive and unduly burdensome" to NUFIC.[22] But NUFIC's sole support for this position is its own witness's statement that the discovery is "oppressive and unduly burdensome" ***because*** it is "irrelevant":

> Allowing discovery of irrelevant alleged post coverage litigation activities is oppressive and unduly burdensome to [NUFIC], because to prepare for responding to a request for irrelevant information would take an inordinate amount of time and waste the resources of [NUFIC].[23]

---

[19] Fed. R. Civ. P. 26(c)(1).

[20] Aikens v. Deluxe Fin. Services, Inc., 217 F.R.D. 533, 534 (D. Kan. 2003) *quoting* Fed. R. Civ. P. 26(c)(1).

[21] Aikens, 217 F.R.D. at 535.

[22] *See Docket No. 123* at 7.

[23] *Docket No. 124* at 2, ¶ 5.

OPPOSITION TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR PROTECTIVE ORDER- 5

**CASE #2:10-cv-01239 JLR**

Harper | Hayes PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1   It is NUFIC's burden to establish "good cause" by making "a clear showing of a particular and specific need" for a protective order.[24] NUFIC does not allege that providing the *type of information sought* would "take an inordinate amount of time and waste the resources" of NUFIC—only that responding to requests for "irrelevant information" will do so.[25] NUFIC also fails to make a "specific demonstration of facts"—as opposed to the conclusory statement—of how or why responding to the Challenged Topics would "take an inordinate amount of time" or "waste the resources" of NUFIC.[26]

Moreover, NUFIC's argument that MidMountain's "moving target" allegations make it "nearly impossible" for NUFIC to prepare for the 30(b)(6) deposition is completely without merit.[27] MidMountain clearly identified the topics on which it intends to question NUFIC, those topics have not changed, and NUFIC has had plenty of time to prepare.[28]

Because NUFIC's claim of oppression and undue burden is based entirely on its argument that the information is "irrelevant"—and "irrelevancy" is not a valid ground for a protective order—the Court should deny NUFIC's motion in its entirety.

---

[24] Scott, 2012 WL 1569789 at *1.

[25] *See Docket No. 124* at 2, ¶ 5; *Docket No. 123* at 7 ("Allowing discovery of irrelevant alleged post coverage litigation activities is oppressive and unduly burdensome to [NUFIC].").

[26] *See* Frideres v. Schiltz, 150 F.R.D. 153, 156 (S.D. Iowa 1993) ("The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one.").

[27] *See Docket No. 123* at 7.

[28] *See Docket No. 127* at 5 of 11 (showing counsel for NUFIC received MidMountain's deposition topics on July 16, 2012).

OPPOSITION TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR PROTECTIVE ORDER- 6

**CASE #2:10-cv-01239 JLR**

Harper | Hayes PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

**B. THE CHALLENGED DEPOSITION TOPICS SEEK INFORMATION RELEVANT TO THE CLAIMS AND DEFENSES IN THIS LAWSUIT**

Even if the Court were persuaded to limit MidMountain's discovery on relevancy grounds, NUFIC's motion should still be denied because the challenged 30(b)(6) topics seek information that is both relevant to the parties' claims and defenses and reasonably calculated to lead to the discovery of admissible evidence. This is true for at least the following three reasons.

**1. NUFIC's Duty of Good Faith and Fair Dealing is Continuing Notwithstanding the Filing of this Lawsuit**

NUFIC first argues that anything it does following the date MidMountain sued NUFIC is irrelevant and not "part of the pending coverage litigation."[29] NUFIC's argument misunderstands the nature of an insurer's duty to its policyholder. MidMountain's claims against NUFIC include, among others, that NUFIC acted in bad faith and violated various WAC provisions.[30] An insurer's duty of good faith and fair dealing continues even though coverage litigation has commenced:

> [T]here is no question that the duty of good faith by an insurance company is a continuing duty, which continues past the filing of a bad faith complaint against the insurer. Because of this continuing duty, there may be evidence of post-filing conduct that is relevant to the bad faith claim. While the weight of authority recognizes the need to restrict the introduction of evidence regarding litigation tactics after a suit has been filed, the cases discussed above do not draw an absolute barrier to such evidence.[31]

Washington courts have similarly recognized that an insurer's duty of good faith does not end when the relationship turns adversarial, such in the uninsured motorist context:

---

[29] *See Docket No. 123* at 6-7.

[30] *See Docket No. 42*, ¶¶ 70-90.

[31] Graham v. Gallant Ins. Group, 60 F. Supp. 2d 632, 635 (W.D. KY 1999).

OPPOSITION TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR PROTECTIVE ORDER- 7

CASE #2:10-cv-01239 JLR

Harper | Hayes pllc
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

> Many other courts have held, as we do today, that the duty of good faith and fair dealing survives within the UIM relationship. This is because, although the relationship becomes adversarial, the insured still has "the 'reasonable expectation' that he will be dealt with fairly and in good faith by his insurer . . . ."[32]

Here, MidMountain is not seeking evidence regarding NUFIC's litigation tactics with respect to this lawsuit, but rather NUFIC's continuing defense conduct in the Underlying Lawsuit. MidMountain is entitled to expect that NUFIC will continue to deal fairly and in a good faith manner with respect to the Underlying Lawsuit. Because NUFIC's duty of good faith and fair dealing is continuing, its activities occurring after the date this lawsuit was filed are relevant to MidMountain's bad faith claim and therefore discoverable.

### 2. MidMountain's Complaint Sufficiently Addresses the Challenged Topics

Notwithstanding NUFIC's continuing duty of good faith and fair dealing, NUFIC argues that the Challenged Topics are not relevant because they relate to "defense cost reimbursement rate," NUFIC's "alleged ongoing refusal to timely reimburse" defense costs, and "procedures used by [NUFIC] in reviewing MidMountain's defense costs for payment."[33] These topics are irrelevant, according to NUFIC, because MidMountain's complaint alleges only nonpayment, not underpayment.[34]

But parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's *claim* . . . ."[35] MidMountain's *claims* are breach of duty to defend and bad

---

[32] Ellwein v. Hartford Acc. & Indem. Co., 142 Wash. 2d 766, 780, 15 P.3d 640 (2001) *overruled on other grounds by* Smith v. Safeco Ins. Co., 150 Wash. 2d 478, 78 P.3d 1274 (2003).

[33] *Docket No. 123* at 6.

[34] *See Docket No. 123* at 7 ("Rather, in the First Amended Complaint, MidMountain simply, but incorrectly alleges that 'to date . . . [National Union] . . . ha[s] not paid any money to defend . . . [MidMountain].'").

[35] Fed. R. Civ. P. 26(b)(1) (emphasis added).

OPPOSITION TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR PROTECTIVE ORDER- 8

**CASE #2:10-cv-01239 JLR**

Harper | Hayes PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  faith, among others.[36]  The facts supporting those claims may evolve from merely non-

2  payment to under- and late payment commensurate with NUFIC's continuing conduct, but

3  that does not change MidMountain's claims or make NUFIC's continuing conduct irrelevant

4  to MidMountain's claims.  As this Court has previously recognized, the liberal rules of

5  notice pleading allow for a variance of proof.[37]

6       If, on the other hand, the Court agrees with NUFIC that underpayment and late

7  payment are so far afield from the allegations of non-payment (which was the situation when

8  MidMountain moved to amend its Complaint in June 2011), then the remedy is not to deny

9  discovery, but to allow Amendment to conform to the facts developed through discovery.[38]

10      **3. Information Regarding Payment of Defense Costs is Relevant to NUFIC's Defenses**

11      Even if NUFIC were correct that its payment of defense costs is irrelevant to

12  MidMountain's claims in the coverage lawsuit, MidMountain would *still* be entitled to seek

13  discovery on the Challenged Topics because they are relevant to NUFIC's *defenses* in this

14  lawsuit.  It is indisputable that NUFIC alleged in its answer that it has paid defense fees and

15  costs to MidMountain:  "[NUFIC] denies that it has not paid any money to defend as

---

[36] *See Docket No. 42*, ¶¶ 70-90.

[37] Affiliated FM Ins. Co. v. LTK Consulting Services, Inc., C06-1750JLR, 2012 WL 1533887, *5 (W.D. Wash. May 1, 2012) ("Prior to the era of notice pleading, 'pleading requirements were strict and variances of proof were not generally tolerated.'  A complaint under modern rules, however, is required only to put the defendant on notice of a claim showing that the pleader is entitled to relief.  Indeed, under notice pleading, a fact alleged in a complaint 'may be a poor measure of what is to follow.'") (citations omitted).

[38] Affiliated FM, 2012 WL 1533887 at *5 ("Even when a party objects at trial or after trial that evidence is not within the issues raised by the pleadings, 'the court may permit the pleadings to be amended.'  Further, '[t]he court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits.'") (citations omitted).

OPPOSITION TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR PROTECTIVE ORDER- 9

**CASE #2:10-cv-01239 JLR**

Harper | Hayes PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1   [NUFIC] has paid defense fees and costs to Plaintiff."[39]  Moreover, NUFIC referred to its

2   defense payments in its motion for a protective order:  "National Union has been issuing

3   payment for MidMountain's defense fees at hourly rates which are reasonable and customary

4   for defense counsel in the same jurisdiction involving the same or similar litigation."[40]

5        Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter

6   that is relevant to any party's claim *or defense* . . . ."[41]  Because NUFIC clearly intends to

7   use its payment of fees as a defense to MidMountain's claims, NUFIC cannot at the same

8   time prevent MidMountain from seeking discovery surrounding those payments.  In fact,

9   such information is not only discoverable, but admissible:

10  > Defendant should not be allowed to rely on post-litigation events to
    > demonstrate its effort to comply with the policy and the [sic] pay the claim
11  > while denying Plaintiff any opportunity to argue that Defendant's effort was
    > unreasonable and insufficient.  It would seem that Defendant's policy
12  > regarding claim handling or adjustment after a lawsuit is filed may be
    > explained to the jury in the same manner as other claims handling policies or
13  > practices.[42]

14  ### VI.   CONCLUSION

15  NUFIC has failed to meet its heavy burden to show why the Court should issue a

16  protective order.  The information sought in MidMountain's proposed deposition topics is

17  relevant to the claims and defenses in this lawsuit, and even if it were not, "irrelevancy"

18  alone is insufficient to support a protective order.  And because the only burden identified by

19  NUFIC is that it should not have to respond to a request for "irrelevant" information,

20  NUFIC's motion for a protective order should be denied.

---

[39] *Docket No. 58* at 12, ¶ 64.

[40] *See Docket No. 123* at 6.

[41] Fed. R. Civ. P. 26(b)(1) (emphasis added).

[42] Morgan v. Valley Ins. Co., No. CIV–07–799–D, 2009 WL 3755076 (W.D. Okla. Nov. 5, 2009).

OPPOSITION TO DEFENDANT NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION
FOR PROTECTIVE ORDER- 10

CASE #2:10-cv-01239 JLR

Harper | Hayes PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## VII. **PROPOSED ORDER**

A copy of Plaintiff's proposed order is attached hereto.

DATED this 15th day of August 2012.

        HARPER | HAYES PLLC

        By: s/ Charles K. Davis
            Gregory L. Harper, WSBA No. 27311
            Charles K. Davis, WSBA No. 38231
            Attorneys for Plaintiff

OPPOSITION TO DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR PROTECTIVE ORDER- 11

**CASE #2:10-cv-01239 JLR**

Harper | Hayes PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852