UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIDMOUTAIN CONTRACTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN SAFETY INDEMNITY COMPANY, et al., <br><br> Defendants. | CASE NO. C10-1239JLR <br><br> ORDER DENYING MOTION FOR PROTECTIVE ORDER |

## I. INTRODUCTION

This matter comes before the court on Defendant National Union Fire Insurance Company of Pittsburgh, P.A.'s ("National Union") motion for a protective order. (Mot. (Dkt. # 123).) Plaintiff MidMountain Contractors, Inc. ("MidMountain") opposes the motion. (Resp. (Dkt. # 130).) Having considered the submissions of the parties, the balance of the record, and the relevant law, and no party having requested oral argument, the court DENIES National Union's motion (Dkt. # 123).

ORDER- 1

## II. BACKGROUND

This is an insurance coverage dispute. MidMountain claims coverage as an additional insured under an insurance policy issued by National Union. On September 7, 2011, MidMountain filed an amended complaint against National Union, among others, alleging that National Union agreed to defend but, as of the date of the amended complaint, had not provided a defense or paid any money to defend or indemnify MidMountain. (Am. Compl. (Dkt. # 42) ¶¶ 56, 64.) MidMountain also alleges that National Union's investigation into its claim was insufficient and untimely. (*Id.* ¶ 52.) MidMountain brought claims against National Union for breach of its duty to defend MidMountain (Count II), breach of its duty to act in good faith (Count IV), insurance bad faith (Count V), and violation of the Insurance Fair Conduct Act (Count VI). (*See generally id.*)

On July 16, 2012, MidMountain noticed the deposition of National Union's Federal Rule of Civil Procedure 30(b)(6) designee, which is scheduled to occur on August 22, 2012. (Verfurth Decl. (Dkt. # 127) Ex. 1; Edwards Decl. (Dkt. # 124) ¶ 3.) On August 3, 2012, the parties engaged in a telephone conference pursuant to Federal Rule of Civil Procedure 37(a) and Western District of Washington Local Rule CR 37(a)(1)(A) to attempt to resolve National Union's objections to certain topics identified in the notice of deposition, however they were unable to resolve their discovery issues. (Verfurth Decl. ¶ 3.)

On August 9, 2012, National Union filed the motion for a protective order that is currently before the court. (*See generally* Mot.) National Union seeks a protective order with respect to the following topics identified in MidMountain's notice of deposition:

> Topic 6. Any and all efforts made by National Union to comply with WAC 284-30-330(12). This topic is limited to National Union's ongoing refusal to timely reimburse Plaintiff for defense costs incurred in the underlying case.
>
> Topic 8. All communications between National Union and Ashbaugh Beal, LLP.
>
> Topic 19. The names of all persons who participated in any decision to reimburse less than the full hourly rate of defense invoices of Ashbaugh Beal, LLP.
>
> Topic 23. The role(s) and claims handling activity performed by Brenda Blanton in connection with King County's claims against MidMountain.
>
> Topic 24. All communications by and between National Union and American International Surplus Lines Insurance Company ("AISLIC") concerning National Union's investigation and evaluation of King County's claims against MidMountain.
>
> Topic 27. A summary of each and every payment made on behalf of National Union toward defense costs incurred by MidMountain in connection with King County's claims in King County Cause No. 11-2-08751-4SEA.
>
> Topic 28. A specific description of the procedures used by National Union in reviewing MidMountain defense costs for payment, including the individuals involved, the timelines for review, the analysis of invoices, and decisions made with respect to such invoices.
>
> Topic 31. The name, job position, and dollar authority level of each National Union or Chartis employee whose authority was/is necessary to authorize settlement offers (or rejection of settlement proposals by King County) up to the full amount

ORDER- 3

of King County's claims against MidMountain in King County Cause No. 11-2-08751-4SEA.

Topic 32.  The name, job position, and dollar authority level of each National Union or Chartis employee who participated in discharging the responsibilities of National Union under WPI 320.05 with respect to King County's claims in King County Cause No. 11-2-08751-4SEA.

Topic 34.  The substance of National Union's investigation and evaluation of the settlement value of the claims of King County against MidMountain in King County Cause No. 11-2-08751-4SEA.

(*Id.* at 4; Verfurth Decl. Ex. 1.) National Union asks the court to prevent MidMountain from deposing National Union regarding Topics 6, 19, 27, and 28, and to limit MidMountain's inquiry into Topics 8, 23, 24, 31, 32, and 34 to alleged activities occurring prior to the filing of MidMountain's amended complaint on September 7, 2011. (Mot. at 6-9.)

### III.   ANALYSIS

Federal Rule of Civil Procedure 26(c) provides the court discretion to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" for "good cause." Fed. R. Civ. P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The showing must be particularized. *Id.* "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

First, National Union argues that the amended complaint does not include any allegations regarding payment of defense costs, and therefore Topics 6, 19, 27, and 28 seek information that is beyond the scope of MidMountain's claims and is therefore irrelevant. (Mot. at 7.) Second, National Union asserts that the court should limit inquiry into Topics 8, 23, 24, 31, and 34 to prevent MidMountain from requesting information that occurred after it filed its amended complaint because "[p]ost coverage litigation activities are simply not part of the claims in the pending lawsuit" and are therefore irrelevant. (*Id.* at 8.) With respect to all Topics, National Union contends that responding is oppressive and unduly burdensome because the Topics are irrelevant. (*Id.* at 7-8; *see also* Edwards Decl. ¶ 5 ("Allowing discovery of irrelevant alleged post coverage litigation activities is oppressive and unduly burdensome to National Union, because to prepare for responding to a request for irrelevant information would take an inordinate amount of time and waste the resources of National Union.").)

MidMountain responds that the Topics identified by National Union are relevant to the claims and defenses raised in the lawsuit for three reasons. (Resp. at 7.) First, MidMountain argues that National Union's duty of good faith and fair dealing continues notwithstanding the filing of its amended complaint, and therefore discovery related to National Union's post-litigation activities are relevant. (*Id.* at 7-8.) Second, MidMountain contends that regardless of the specific allegations in its complaint, its claims are for breach of the duty to defend and bad faith, which the Topics are designed to address, and the liberal rules of notice pleading allow for a variance of proof. (*Id.* at 8-9.) Finally, MidMountain asserts that information regarding payment of defense costs is

ORDER- 5

relevant to National Union's defenses, and is therefore discoverable. (*Id.* at 9-10 (citing Fed. R. Civ. P. 26(b)(1)).)

The court concludes that National Union has failed to show good cause for a protective order. An insurer's duty to defend and duty of good faith do not cease with the filing of a lawsuit. *See, e.g.*, *Nat'l Sur. Corp. v. Immunex Corp.*, 256 P.3d 439, 446 (Wash. Ct. App. 2011) (affirming trial court's holding that insurer had duty to defend until the trial court declared that the duty did not exist). Because these duties are ongoing, the court finds that the most efficient use of judicial and party resources is to allow discovery into issues relevant to these claims and any party's defenses thereto, even if the facts arose after the filing of the lawsuit. Indeed, if the court were to limit discovery to only pre-litigation activities, MidMountain would be forced to file a second lawsuit related to any additional violations of these duties that occurred while the instant lawsuit was pending. Accordingly, the court concludes that National Union's actions after the filing of the instant lawsuit that relate to MidMountain's claims for breach of National Union's duties to defend and act in good faith are relevant under the standard set forth in Federal Rule of Civil Procedure 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). Topics 6, 8, 19, 27, and 28 relate to National Union's duty to defend and are therefore relevant. Topics 23, 24, 31, 32, and 34 relate to National Union's duty of good faith, and are also relevant. Because National Union has offered no "good cause" other than the purported irrelevance of MidMountain's requests, the court

concludes that it has not satisfied its burden of showing specific prejudice or harm. As such, the court denies National Union's motion for a protective order.[1]

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES National Union's motion for a protective order (Dkt. # 123).[2]

Dated this 21st day of August, 2012.

_____
JAMES L. ROBART
United States District Judge

---

[1] The only case National Union relies on, *Caldwell v. Morpho*, No. 4:10CV01537, 2011 WL 2784100 (E.D. Mo. Jul. 5, 2011), does not change the court's analysis. There, the plaintiff brought a products liability lawsuit related to an airport luggage scanner. *Id.* at *1. The plaintiff was injured while loading a piece of luggage into the scanner and claimed that her injury could have been prevented if guardrails were place along the scanner's infeed ramp. *Id.* The plaintiff then requested discovery related to the *output* of the scanner. *Id.* The court granted the defendant's request for a protective order because design of the output was not relevant to the plaintiff's claims. *Id.* at *3. Unlike the plaintiff's discovery request in *Caldwell*, MidMountain's discovery requests here are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

[2] The court notes that National Union has filed a motion in limine (Dkt. # 125) on the same topics raised in the instant motion for a protective order. Although the court has not specifically considered the merits of the motion in limine (nor is that motion ripe), the court encourages National Union to consider whether the motion in limine is necessary in light of the court's ruling in this order and to withdraw the motion if appropriate.